UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
QIANA NUNEZ,

                         Plaintiff,

  -against-

COMMUNITY HEALTH CENTER OF RICHMOND, INC.
and HENRY THOMPSON,

                         Defendants.
------------------------------------------------------------------------x

Case No.

**COMPLAINT**

Trial by Jury Demanded

Plaintiff QIANA NUNEZ (hereinafter referred to as "Plaintiff"), by her attorneys, Goddard Law PLLC, whose offices are located at 39 Broadway, Suite 1540, New York, NY 10006, as and for her Complaint, alleges, upon knowledge with respect to herself, and upon knowledge, information and belief as to all other matters, as follows:

1. This is an action to remedy unlawful retaliation in violation of the New York Labor Law § 740 ("NYLL")

2. Plaintiff also seeks unpaid overtime and penalties for failure to provide accurate wage statements in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3. Plaintiff seeks declaratory relief, monetary damages, liquidated damages and punitive damages.

**JURISDICTION**

4. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et. seq*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1

5. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

6. This action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391.

**PARTIES**

7. Plaintiff Qiana Nunez is a resident of Richmond County, New York.

8. At all times relevant to this Complaint, Plaintiff was an "employee" within the meaning of all relevant statutes

9. Defendant Community Health Center of Richmond, Inc. ("CHCR") is a domestic non-profit corporation organized and existing under the laws of the State of New York, authorized to do business in the State of New York.

10. At all relevant times, Defendant CHCR is an employer under all relevant statutes.

11. Upon information and belief, Defendant CHCR, Inc. maintains its principal place of business at 439 Port Richmond Avenue, Staten Island, New York 10302.

12. At all times hereinafter mentioned, the activities of Defendant CHCR constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

13. Upon information and belief, Defendant CHCR maintained control, oversight, and direction over their operations and employment practices.

14. At all times hereinafter mentioned, Defendant CHCR employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

15. Defendant CHCR's annual gross volume of business is more than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

16. At all relevant times, Defendant CHCR maintained control, oversight, and direction over its employees, including Plaintiff. Amongst other things, Defendant CHCR maintained timekeeping, payroll and other employment practices that applied to them.

17. Upon information and belief, Defendant Henry Thompson ("Defendant Thompson") is the Chief Executive Officer at Defendant CHCR and was Plaintiff's supervisor during her employment.

18. Upon information and belief, and at all times hereinafter mentioned, Defendant Henry Thompson operated CHCR.

19. Upon information and belief, and at all times hereinafter mentioned, Defendant Henry Thompson is an agent of CHCR.

20. Upon information and belief, and at all times hereinafter mentioned, Defendant Henry Thompson was a manger and supervisor of CHCR.

21. Upon information and belief, and at all times hereinafter mentioned, Defendant Henry Thompson had the authority over personnel decisions for CHCR.

22. Upon information and belief, and at all times hereinafter mentioned, Defendant Henry Thompson had the authority over payroll decisions for CHCR.

23. Upon information and belief, and at all times hereinafter mentioned, Defendant Henry Thompson supervised employees of CHCR.

24. Upon information and belief, and at all times hereinafter mentioned, Defendant Henry Thompson had the authority to hire and fire employees for CHCR.

25. At all times hereinafter mentioned, Defendant Henry Thompson was and still is an "employer" within the meaning of all relevant statutes.

## **FACTUAL ALLEGATIONS**

### **Defendants Misclassified Plaintiff and Failed to Pay Her Overtime**

26. Defendant CHCR owns and operates four non-profit community health centers in Staten Island, New York that provide primary care and dental care for people of all ages.

27. Plaintiff was employed as an Executive Office Manager by Defendants from in or about April 29, 2014 through April 3, 2020.

28. As Executive Office Manager, it was Plaintiff's job to be the administrative assistant for Defendant CEO Henry Thompson ("Defendant CEO Thompson"). Her duties included but were not limited to: managing the organization's calendar including coordinating time and place for committee and board meetings, maintaining office supplies and organizing the office space.

29. Plaintiff was an employee of Defendants, working under their direct supervision.

30. Throughout the duration of Plaintiff's employment, she regularly worked over 40 hours each week.

31. Plaintiff would arrive at work early and consistently for a period work through lunch. Plaintiff also worked over forty hours a week during weeks when the Board of Directors held their monthly meetings. Defendants offered her compensation time for weeks that had the Board of Directors meeting by allowing her to leave early on Fridays; however, Plaintiff typically had too much work to leave early on Fridays.

32. From around April 29, 2014 to around July 31, 2019, Plaintiff typically worked 49.5 hours a week. From around August 1, 2019 to February 29, 2020, Plaintiff typically worked around 54.6 hours a week for half the period and around 42.5 hours a week for the other half of the period. In March of 2020, Plaintiff typically worked 42.5 hours per week.

24. At all relevant times, Plaintiff was required to be paid overtime pay at the statutory rate of one and one-half her regular rate of pay after he worked 40 hours in a workweek for Defendant.

33. Defendants failed to pay her at her proper overtime pay rate of one and one-half her regular rate of pay for all hours she worked over 40 per week.

34. Defendants failed to furnish Plaintiff with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid for each workweek.

35. Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff.

### Defendant Terminated Plaintiff in Retaliation for Complaining of a Violation of Governor Cuomo's Executive Order Risking Public Health and Safety

36. Defendant CHCR holds monthly senior leadership meetings on the third Tuesday of every month.  The March 2020 meeting was scheduled for March 17, 2020 at 12:30 P.M.

37. On March 16, 2020, Governor Cuomo announced an executive order to take effect on March 17, 2020, ordering all non-essential workers to stay home.

38. Due to this order, Plaintiff informed Defendant CEO Thompson that she would be changing their monthly senior leadership meeting from an in-person meeting to a conference call.

39. Defendant CEO Thompson responded that Plaintiff should not take it upon herself to change a meeting to a teleconference and he would prefer an in-person meeting.

40. Plaintiff told Defendant CEO Thompson that she did not believe that a holding an in-person meeting was safe due to Governor Cuomo's order and because some of the senior leadership attending the meeting would be coming from offices that were believed to have been exposed to COVID-19.

41. Leadership from all three of the CHCR sites would be present for the meeting including two sites that had continued to see patients. Additionally, CHCR staff suspected that employees at the 235 Port Richmond Avenue site may have been exposed to COVID-19.

42. Plaintiff was also concerned because the conference room the meeting was scheduled in did not have proper ventilation.

43. Defendant CEO Thompson also told Plaintiff that he would not "give into mass hysteria" and if she was not comfortable to not attend the meeting.

44. Plaintiff also expressed her concerns to the Williar Hodges Senior Director of Finance ("Director Hodges") who did nothing to change the meeting to a teleconference.

45. Because of the large health and safety concerns to Plaintiff and the public, Plaintiff did not attend the meeting.

46. On March 19, 2020, Plaintiff was suspended for "insubordination, confrontational and disruptive behavior and refusal to participate in the CHCR's leadership meeting." She was also banned from the premises, prohibited from working remotely and prohibited from having any further contact with CHCR.

47. On April 9, 2020, Plaintiff received a letter from Defendant CEO Henry Thompson that she was terminated effective April 3, 2020.

48. Plaintiff's termination was in direct response to her opposition to holding an in-person meeting that would risk the health and safety of employees and be in direct opposition to Governor Cuomo's executive order.

## FIRST CAUSE OF ACTION
### FLSA – Unpaid Overtime

49. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

50. Plaintiff is a non-exempt employee entitled to be paid overtime compensation for all overtime hours worked.

51. Defendants employed Plaintiff for work weeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

52. Plaintiff has expressed her consent to make these claims against Defendants by signing a written consent form, pursuant to 29 U.S.C. § 216(b). See Ex. A.

53. Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff.

54. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. As a consequence of the willful underpayment of wages, alleged above, Plaintiff incurred damages thereby and Defendants are indebted to her in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time she worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of NYLL.

58. By the course of conduct set forth above, Defendants have violated NYLL § 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

59. Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff.

60. Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked over 40 per workweek to Plaintiff.

61. Defendants lacked a good faith basis, within the meaning of N.Y. Lab. Law § 663, to believe their failure to pay Plaintiff overtime wages complied with the NYLL.

62. As a consequence of Defendants' lack of good faith for the underpayment of Plaintiff's wages, alleged above, Plaintiff incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

63. Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

## THIRD CAUSE OF ACTION
### NYLL – Failure to Provide Accurate Wage Statements

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants failed to supply Plaintiff with an accurate statement of wages with every payment of wages as required by NYLL § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable;

the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

66. Due to Defendants' violations of NYLL § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide her with accurate wage statements, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL § 198 (1-d).

### FOURTH CAUSE OF ACTION
**NYLL § 740– Whistleblower Retaliation**

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Plaintiff objected to and or refused to participate in an activity by objecting to the in-person leadership meeting by Defendants.

69. The in-person leadership meeting was in direct violation of Governor Cuomo's March 16, 2020 Executive Order ordering employees to stay home.

70. This meeting which included leadership that were coming from health center sites exposed to COVID-19 created a substantial and specific danger of furthering the spread of COVID-19 to other to the public health or safety.

71. Because Plaintiff objected to this activity, she was terminated in violation of NYLL § 740.

72. Plaintiff is entitled to backpay for Defendants' violation of NYLL § 740.

### RELIEF DEMANDED

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment:

A: Declaring that the Defendants' employees engaged in unlawful retaliation and failure to pay wages in violation of state and local statutes cited herein.

B: On the first cause of action, unpaid overtime pay and liquidated damages permitted by law pursuant to the FLSA in an amount to be determined at trial.

C: On the second cause of action, unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL in an amount to be determined at trial.

D   On the third cause of action, statutory damages, as provided for by NYLL § 198 for Defendants' violation of wage statement requirements pursuant to NYLL § 195 in the amount of FIVE THOUSAND DOLLARS ($5,000)

E: On the fourth cause of action, compensatory damages an amount to be determined at trial.

F: The pre-judgment interest and post judgment interest, cost, disbursements and legal fees of this action and attorney's fees.

G: Such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       June 17, 2020

    Respectfully submitted,

    GODDARD LAW PLLC
    *Attorneys for Plaintiff*

    By: __/s/Saranicole A. Duaban_____
        Megan S. Goddard Esq.
        Saranicole A. Duaban, Esq.
    39 Broadway, Suite 1540
    New York, New York 10006
    Tel: 646-504-8363
    megan@goddardlawnyc.com
    saranicole@goddardlawnyc.com