# G O D D A R D   L A W   P L L C

39 Broadway, Suite 1540 | New York, NY 10006

Office. 646.504.8363

Fax. 212.473.8705

Kelly@goddardlawnyc.com

WWW.GODDARDLAWNYC.COM

**VIA ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

June 21, 2021

     Re: *Nunez v. Community Health Center of Richmond*
       <u>Civ. No.: 20-cv-3036 (WFK)(PK)</u>

Dear Judge Kuo:

  This office represents the Plaintiff, Qiana Nunez (hereinafter "Plaintiff"), in the above-referenced matter in which she brought claims against Defendants for, *inter alia*, alleged violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and New York Labor Law (NYSLL). We submit this letter motion seeking approval of the settlement reached at mediation on May 6, 2021.

  **I.**  <u>**Terms of FLSA Settlement**</u>

  The Parties reached a resolution of this matter following a six-hour mediation held on May 6, 2021 with Mediator Stephen P. Sonnenberg, Esq. of JAMS as part of the EDNY Mediation Program. *See* Dkt. No. 26. The total amount of the settlement with respect to Plaintiffs' wage-and-hour claims is $40,000.00 (hereinafter the "Settlement Sum"), to be distributed as follows:

    <u>Qiana Nunez:</u> $40,000.00

  In this litigation, the Plaintiff alleged that she was entitled to damages of $107,412.57 based on overtime hours allegedly worked for Defendants when allegedly wrongfully classified as exempt. Plaintiff argued that she was wrongfully classified and should have been paid overtime due to the type of work she performed. Plaintiff's calculations included overtime pay for the hours allegedly worked beyond forty each week at 1.5 times Plaintiff's hourly rate and 100%

8138573 v1

Liquidated Damages, as well as penalties as a result of the alleged failure to provide wage statements that included her overtime rate and hours worked. Interest at the statutory rate was also calculated.

Plaintiff calculated amounts allegedly due to her as follows:

| | |
|---|---|
| Unpaid overtime: | $ 43,635.16 |
| Liquidated damages: | $ 43,635.16 |
| Interest accrued: | $ 15,142.24 |
| Maximum penalty (wage notices) | $ 5,000.00 |
| TOTAL: | $ 107,412.57 |

Defendants dispute Plaintiff's claims and calculations. Defendants have contended throughout this litigation that Plaintiff was properly classified as exempt, that her claimed hours were grossly inflated, that she was provided with proper wage statements, and that her calculations were erroneous. Defendants continue to deny any wrongdoing or liability and have agreed to settle this matter solely to avoid the cost of litigation. There has not been any, and there will be no, determination of any merit with respect to Plaintiff's wage-and-hour claims. Defendants are not admitted any wrongdoing or liability.

Plaintiff believes that, in light of the fact that the settlement represents nearly all of the calculations for unpaid wages (as Plaintiff calculates them), and taking into account the burden of proving her claims and the risks presented by continued litigation, that this settlement represents a fair and just resolution of this matter. Plaintiff realizes that if this matter where to proceed to trial, that while she might possibly obtain liquidated damages and interest, she might also be awarded less wages by a jury and, it is also possible, she could have a verdict returned against her at the close of the case. Since a jury would ultimately decide whether the Plaintiff's job duties were those of an exempt or non-exempt employee the possibility of losing at trial existed. Thus, Plaintiff believes that this settlement, achieved after six hours of mediation, is a fair and just settlement and that the Court should approve this joint resolution of her claims. A copy of the executed settlement agreement is attached hereto as **Exhibit A.**

From the Settlement Sum, Plaintiffs' attorneys will receive $14,032.20 for their attorney's fees -- representing one-third of the total settlement sum plus $700.00 for their litigation costs. Per the settlement agreement $25,967.80 will be payable to Plaintiff as W-2 Wages and $14,032.20 ($13,332.20 plus $700.00 in litigations expenses) will be payable to her counsel and a 1099 will be provided for that payment.

8138573 v1

## II. The Court Should Approve Plaintiffs' Application for Attorneys' Fees.

Courts in this jurisdiction are required to address not only the reasonableness of the settlement award, but "the court must also assess the reasonableness of any attorneys' fee award." *Scherzer v. LVEB, LLC,* 2015 WL 7281651, at *1 (E.D.N.Y. Nov. 16, 2015) (citing *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)). Attorneys' fees in FLSA settlements are examined "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing *Wolinsky*, 900 F. Supp. 2d at 336). For the reasons described below, Plaintiffs respectfully request that the Court approve Plaintiffs' counsel's fee award as reasonable.

### A. Plaintiffs' Counsel's Lodestar is Upwards of $24,000.00

Here, Plaintiffs' counsel requests that the Court approve fees of one-third of the total settlement, plus expenses, which is "consistent with the trend in this Circuit." *Kochilas v. Nat'l Merchant Servs., Inc.*, 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases). Courts in this Circuit routinely approve attorneys' fees awards at a rate of one-third of the total settlement. *See McDaniel v. City of Schenectady,* 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); *see also Cregg v. Firstservice Residential N.Y., Inc.,* Case No. 15-cv-3876-LB, Dkt. No. 14 at *4-5 (E.D.N.Y. Dec. 09, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); *Najera v. Royal Bedding Co., LLC*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("A one- third contingency fee is a commonly accepted fee in this Circuit."); *see Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one- third of the total recovery). There is also a "greater range of reasonableness" where "the parties settled on the fee through negotiation." *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010). Based on this percentage, Plaintiffs' counsel requests fees of $ 13,332.20. plus $700.00 in litigation expenses. Moreover, during mediation, the plaintiff specifically considered settling for an amount that contemplated Plaintiffs' Counsel's attorneys' fees, making the question of attorneys' fees a core aspect of the negotiations.

Still, courts must "separately assess the reasonable of plaintiff's attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined." *Beckert v. Rubinov*, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013)). Here, "[a]pplying the lodestar method as a cross check," Plaintiff's counsel's fees are reasonable. *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y.

2013) (citing *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). In order to calculate the lodestar crosscheck, Plaintiff's counsel multiplied the attorney and paralegal hours spent on the case by the individuals' reasonable hourly rates. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007).

If Plaintiff's counsel were seeking fees pursuant to the lodestar:

- Ms. Goddard, the firm's principal who has been litigating employment cases for more than a dozen years and practicing for seventeen years, would seek $500 per hour;
- Ms. Magnuson, a member of the firm with 23 years' experience in litigation including trial work, and 10 years of experience in wage and hour litigation would seek $375.00 per hour;
- The other associates in the firm would also be seeking $375.00 an hour;
- the firm would seek reimbursement for its paralegals and law clerks at the rates of $125.00 per hour. Both paralegals have more than ten years of experience in litigation.

---

[4] This figure is current as of June 5, 2021. It does not include entries billed since that time including preparing this motion and the attached exhibits

Moreover, Plaintiffs' counsel's contemporaneously-kept billing records evidencing their work completed on this matter are attached to this motion as **Exhibit B**. Thus, the requested fee award of $13,332.20 plus $700.00 in litigation costs, represents a discount on Plaintiff's counsel's recoverable fees under the lodestar, further displaying the reasonableness of the award under the "cross-check" method.

## B. Qualifications and rates of the Firm and Plaintiffs' Counsel

**Megan Goddard, Esq.**

Attorney Goddard is the managing attorney of the firm and has an hourly billing rate of $500.00. Goddard graduated from Tulane Law School in 2003 and was admitted to practice in 2004. She has handled hundreds of employment litigation matters over more than a decade of time litigating cases through trial and other resolutions. She manages three full time attorneys in her firm. Goddard's proposed hourly rate is in line with comparable attorneys in this district. *See Rai v. WB Imico Lexington Fee, LLC*., 09 Civ. 9584 (PGG), 2017 WL 1215004, at *11 (S.D.N.Y. March 31, 2017) (noting that "recent fee awards within the district reflect hourly rates in the range of $450.00 to $600.00 for experienced partners"); *Blake v. NY.C. Health & Hosps. Corp.,* 14 Civ. 3340 (JGK), 2016 WL 6520067, at *5 (S.D.N.Y. Nov. 3, 2016) ("In 2012, 'Courts in this District ha[d] determined ...that the range of appropriate fees for experienced civil rights and employment law

litigators is between $250 and $450.' Several more recent decisions have placed the upper limits of the range closer to $600"); *Bailey v. Pataki*, 08 Civ. 8563 (JSR), 2016 WL 3545941, at *6 (S.D.N.Y. June 16, 2016) (awarding two attorneys, admitted to practice in 2002 and 2003, $550.00 per hour).

**Kelly A. Magnuson Esq.**

Ms. Magnuson handled the mediation in this matter that resolved the case and the client meetings and document reviews leading up to the mediation. Ms. Magnuson graduated from Touro College Jacob D. Fuchsberg Law Center and was admitted to practice in the State of Connecticut in 1998 and in the State of New York in 2000. Ms. Magnuson has tried more than twenty cases to verdict over her career, including employment law matters, and has also handled multiple other hearings to decision with various state and federal agencies. She has handled no less than fifty mediations in employment law matters such as the one in this case. Attorney Magnuson seeks an hourly rate of $375.00. This requested hourly rate falls within the reasonable range. See *Rai,* 2017 WL 1215004, at *11 ("recent fee awards within the district reflect hourly rates in the range of $450.00 to $600.00 for experienced partners, $350.00 for senior associates, $250.00
for junior associates").

**Anthony Consiglio, Esq.**

Attorney Consiglio seeks an hourly rate of $375.00. Consiglio graduated from Brooklyn School in 2011 and was admitted to practice in 2012. This requested hourly rate falls within the reasonable range. See *Rai*, 2017 WL 1215004, at *11 ("recent fee awards within the district reflect hourly rates in the range of $450.00 to $600.00 for experienced partners, $350.00 for senior associates, $250.00
for junior associates").

**Saranicole Duaban, Esq.**

Attorney Duaban seeks an hourly rate of $375.00. Duaban graduated from The George Washington University School of Law
and admitted to practice in 2013. This requested hourly rate falls within the reasonable range. See *Rai*, 2017 WL 1215004, at *11 ("recent fee awards within the district reflect hourly rates in the range of $450.00 to $600.00 for experienced partners, $350.00 for senior associates, $250.00 for junior associates")

**Paralegals**

Paralegals in this district are entitled to $125.00 per hour. See *Tatum*, 2010 WL 334975, at *5 (S.D.N.Y. Jan. 28, 2010) ("the case law, however establishes that $125 is within the range of rates typically awarded for paralegal work in this District, and that is the rate that will be applied").

## The Total Lodestar Amount

| Timekeeper | Hours | Rate per Hour | Total |
|---|---|---|---|
| Consiglio | 2.2 | $375 | $825 |
| Magnuson | 18.6 | $375 | $6,975 |
| Goddard | 12.0 | $500 | $6,000 |
| Duaban | 24.0 | $375 | $9,000 |
| Paralegal | 6.9 | $125 | $862.50 /172.5 |
| Total: | 63.7 | | $23,662.50 |

### III. Conclusion

For the forgoing reasons, Plaintiff respectfully requests that the Court approve the settlement of Plaintiff's FLSA/NYLL claims on the terms set forth in the Agreement and described herein. Once the Court does so, the Parties will submit a stipulation of dismissal with respect to this matter (Civ. No.: 20-cv-3036 (WFK)(PK)).

Dated: June 21, 2021  
New York, New York

\_\_\_\_/s/_____  
Kelly A. Magnuson, Esq  
Goddard Law PLLC  
39 Broadway, Suite 1540  
New York, New York 10006  
(646) 504-8363  
Kelly@goddardlawnyc.com