EXECUTION VERSION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

QIANA NUNEZ,

       Plaintiff,

-against-

COMMUNITY HEALTH CENTER OF RICHMOND, INC. and HENRY THOMPSON,

       Defendants.

Case No. 20-cv-03036-WFK-PK

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is entered into by and between (i) Qiana Nunez ("Plaintiff") and (ii) Community Health Center of Richmond, Inc. ("CHCR") and Henry Thompson (CHCR and Mr. Thompson, collectively "Defendants"; Plaintiff and Defendants each a "Party" and, together, the "Parties").

**WHEREAS**, on or about June 17, 2020, Plaintiff commenced an action in the United States District Court for the Southern District of New York, alleging wage-and-hour violations and other claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), in the action captioned *Nunez v. Community Health Center of Richmond, Inc. et al.*, Case No. 1:20-cv-04628-JSR;

**WHEREAS**, Plaintiff's action was subsequently transferred to the United States District Court for the Eastern District of New York by consent of the Parties, becoming the action captioned *Nunez v. Community Health Center of Richmond, Inc. et al.*, Case No. 1:20-cv-03036-WFK-PK (the "Action");

**WHEREAS**, on or about August 19, 2020, Plaintiff filed an Amended Complaint in the Action;

**WHEREAS**, Defendants have denied and continue to deny the claims asserted in the Action, including those asserted in the Amended Complaint, and have denied and continue to deny any violation of the law, wrongdoing, or liability to Plaintiff;

**WHEREAS**, on or about December 1, 2020, Plaintiff stipulated to dismiss with prejudice the sole non-wage-and-hour claim in the Action;

**WHEREAS**, on May 6, 2021, the Parties participated in a six-hour mediation session with Stephen P. Sonnenberg, Esq. of JAMS, as part of the Mediation Program of the United States District Court for the Eastern District of New York;

**NOW, THEREFORE**, in consideration of the promises and mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

8068411 v4

**EXECUTION VERSION**

1. **Preliminary Matters.** Plaintiff has reviewed the terms of this Agreement and has had the opportunity to confer with her legal counsel, including Kelly Magnusson, Esq. of Goddard Law PLLC (hereinafter "Plaintiff's Counsel"), in order to obtain advice with respect to the terms of this Agreement. The Parties, with and through counsel, participated in arms-length settlement negotiations over the course of several months, exchanged hundreds of pages of documents, and engaged in a six-hour mediation session. Plaintiff acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that she made this decision after careful thought and a reasonable period of time to consider this Agreement, and that she is signing this Agreement voluntarily. Plaintiff acknowledges that, once this Agreement is approved, she will have no entitlement to any wages, overtime, bonuses, commissions, gratuities, reimbursement, payouts, severance pay, vacation pay, or other compensation or benefits from any of the Defendants except as expressly provided herein. It is acknowledged that Plaintiff currently has claims pending against the Defendants with the Department of Labor alleging violations of OSHA in relation to her employment termination. Those claims and any potential recovery under those claims are not waived by this agreement except to the extent that any claims seek recovery for any damages or amounts alleged and resolved in this Action.

2. **No Admission of Liability**. The Parties hereto recognize and agree that Defendants do not admit, and instead they expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters asserted by Plaintiff in the Action or which could have been raised in such suit, or which otherwise involve Plaintiff's employment relationship with Defendants or the separation or termination of Plaintiff's employment relationship with Defendants. Plaintiff shall not be deemed a prevailing party and neither Plaintiff nor Plaintiff's Counsel shall have any claim or entitlement to attorneys' fees, costs, expenses, or any amount not expressly set forth in this Agreement. This Agreement and compliance with this Agreement shall not be construed as an admission by any Defendant of any liability whatsoever or of any violation of any statute, regulation, rule, duty, contract, right, or order.

3. **Dismissal of Pending Action**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff shall: (i) dismiss with prejudice, or cause to be dismissed with prejudice, the Action as against all Defendants; (ii) not refile the causes of action asserted in the Action against any Releasee (as defined herein); and (iii) not institute any action against any Releasee in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. It is acknowledged that Plaintiff currently has claims pending against the Defendants with the Department of Labor alleging violations of OSHA in relation to her employment termination. Those claims and any potential recovery under those claims are not waived by this agreement except to the extent that any claims seek recovery for any damages or amounts alleged and resolved in this Action. The Parties expressly authorize their counsel to submit any papers to the Court that may be reasonably necessary to effectuate the dismissal of the Action with prejudice, approval of this settlement as fair and reasonable, and/or the effectuation of a full release of wage-and-hour claims as specified herein.

4. **Preparation of Settlement Approval Motion.** Within five business days of all Parties executing this Agreement, Plaintiff's Counsel shall deliver to Defendants' counsel a draft motion

8068411 v4

seeking approval from the Court in the Action of the settlement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Defendants shall have ten business days to comment on the draft motion and, thereafter, the Parties shall cooperate in good faith to agree upon the form of the approval motion to be submitted to the Court.

5. **Payment**. In consideration for Plaintiff's, execution of and compliance with this Agreement, and the dismissal with prejudice of the Action as against all Defendants, Defendant agree to pay or cause to be paid to Plaintiff and her counsel, subject to the terms and conditions set forth in this Agreement, the gross sum of forty thousand dollars and zero cents ($40,000.00) (the "Settlement Payment"). Except for payroll taxes typically borne by an employer, the Settlement Amount represents the maximum monetary liability of Defendants in this Action. The Settlement Amount shall be allocated and paid as follows:

   A. The gross amount of twenty-five thousand nine hundred sixty-seven dollars and eighty cents ($25,967.80), paid less applicable taxes, withholdings, and deductions, payable to "Qiana Nunez," in full and final satisfaction for all claims Plaintiff may have or have had against any Releasee relating to allegedly unpaid overtime or other wage damages, liquidated damages, interest, penalties, and other non-wage damages. This amount shall be reported on IRS Form W-2.

   B. Fourteen thousand thirty-two dollars and twenty cents ($14,032.20), payable to "Goddard Law PLLC," in full and final satisfaction for all claims Plaintiff or Plaintiff's Counsel may have or have had against any Releasee relating to attorneys' fees, costs, or expenses. This amount shall be reported on IRS Form 1099.

6. **Timing and Delivery.** Defendants shall pay or cause to be paid the Settlement Payment, as allocated in Section 4 of this Agreement, within thirty days after the last of the following events, all of which must occur, occurs: (i) Plaintiff executes this Agreement; (ii) the Court issues an order approving this Agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismisses the Action with prejudice; (iii) Plaintiff's Counsel delivers to Defendants' counsel all necessary tax forms, including but not limited to an IRS From W-9 for Plaintiff's Counsel; and (iv) the Court's approval order and dismissal with prejudice become final and non-appealable. In no case shall any payment be due until all the foregoing events have occurred. The checks representing the Settlement Payment shall be delivered to Goddard Law PLLC, 39 Broadway, Suite 1540, New York, NY 10006.

7. **Plaintiff's Responsibility for Taxes**. Plaintiff assumes full responsibility for any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's Counsel pursuant to this Agreement. Although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable Internal Revenue Service ("IRS") regulations, if, notwithstanding such belief, the IRS or any other federal, state or local government, administrative agency or court determines that Plaintiff and/or Defendants is liable for any failure by Plaintiff or Plaintiff's Counsel to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties

related thereto, that Plaintiff agrees to indemnify and hold Defendants harmless for any such liability.

8. **Release by Plaintiff.** For and in consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, on behalf of herself, her heirs, beneficiaries, estate, executors, administrators, trustees, agents, representatives, attorneys, legal representatives, successors, assigns and any other entity or individual, in their respective capacity as such, who may make any claim by or through Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants, Defendants' parents, subsidiaries, affiliates, predecessors, successors, and assigns, and each of their respective officers, directors, employees, shareholders, trustees, and partners (collectively with Defendants, the "Releasees") from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against the Releasees, arising out of, by reason of, or relating in any way whatsoever to any claims for unpaid wages, overtime, tips, tip credits, gratuities, tools of the trade, wage deductions and/or service or related charges; any claims for spread of hours pay; any claims for breach of contract or unjust enrichment; any claims under the Fair Labor Standards Act; any claims under the New York Labor Law; any claims under the New York Wage Theft Prevention Act; any claims under the New York State Minimum Wage Order for the Hospitality Industry, 12 N.Y.C.R.R. § 146-1, et seq.; any claims under to the New York State Minimum Wage Order for Miscellaneous Industries and Occupations 12 N.Y.C.R.R. § 142-1, et seq.; any claims under the New York State Minimum Wage Order for Non-Profitmaking Institutions, 12 N.Y.C.R.R. § 143.0, et seq.; and/or any other wage-and-hour claims.

It is acknowledged that Plaintiff currently has claims pending against the Defendants with the Department of Labor alleging violations of OSHA in relation to her employment termination. Those claims and any potential recovery under those claims are not waived by this agreement except to the extent that any claims seek recovery for any damages or amounts alleged and resolved in this Action.

9. **Governing Law.** The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. The Parties stipulate and consent to the jurisdiction of the United States District Court for the Eastern District of New York in any subsequent proceeding to enforce this Agreement.

10. **Enforceability.** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision if this Agreement; provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void, or unenforceable, Plaintiff agrees to promptly execute a replacement release, waiver, and/or covenant that is legal and enforceable. Notwithstanding the foregoing, if

any part of the release set forth in Section 8 of this Agreement is deemed to be invalid, void, or unenforceable by a court of competent jurisdiction, then all monies paid or caused to be paid by Defendants must be returned to Defendants.

11. **Important Acknowledgments**. It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily. The Parties waive all applicable rules of construction to the extent that any provision of this Agreement should or could be construed against its drafter.

12. **Successors and Assigns.** Defendants may freely assign this Agreement at any time. This Agreement shall inure to the benefit of Defendants and its successors and assigns. Plaintiff shall not assign this Agreement in whole or in part. Plaintiff acknowledges that she has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

13. **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the Parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

14. **Effective Date; Status of Settlement if the Action Is Not Ultimately Dismissed with Prejudice**. This Agreement shall become effective once fully executed. However, in the event that the Court fails to dismiss the Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of May 5, 2021, and the Parties shall proceed in all respects as if the Agreement has not been executed.

15. **No Modification Except in Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

16. **Titles/Captions.** The titles/captions to the sections contained in this Agreement are for convenience of reference only and are not to be considered in construing this Agreement.

17. **Execution in Counterpart and Facsimile Signatures**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose

EXECUTION VERSION

of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page.

**IN WITNESS WHEREOF**, the parties hereto have executed, or caused their duly authorized officer, representative, or attorney to execute, this Agreement.

**QIANA NUNEZ**

Sign: _____

Sworn to before me this 21st day of June, 2021.

_____
Notary Public, State of New York

Kelly Ann Magnuson
Notary Public, State of New York
Reg. No. 02MA6368870
Qualified in Albany County
Commission Expires December 26, 20 21

**COMMUNITY HEALTH CENTER OF RICHMOND, INC.**

Sign: _____

Print: _____        Title: _____

Sworn to before me this _____ day of _____, 2021.

_____
Notary Public, State of New York

**HENRY THOMPSON**

Sign: _____        Date: _____, 2021

Sworn to before me this _____ day of _____, 2021.

_____
Notary Public, State of New York

8068411 v4

**EXECUTION VERSION**

of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page.

**IN WITNESS WHEREOF**, the parties hereto have executed, or caused their duly authorized officer, representative, or attorney to execute, this Agreement.

**QIANA NUNEZ**

Sign: _____

Sworn to before me this _____ day of _____, 2021.

_____
Notary Public, State of New York

**COMMUNITY HEALTH CENTER OF RICHMOND, INC.**

Sign: _[signature]_____

Print: **Henry Thompson**    Title: **Chief Executive Officer**

Sworn to before me this _11th_ day of _June_, 2021.

_____
Notary Public, State of New York ~~York~~ Jersey

Philip D Luchs
NotaryPublic
New Jersey
My Commission Expires 09-30-2025
No. 2400923

**HENRY THOMPSON**

Sign: _[signature]_____    Date: _June 11_, 2021

Sworn to before me this _11th_ day of _June_, 2021.

_____
Notary Public, State of New ~~York~~ JERSEY

Philip D Luchs
NotaryPublic
New Jersey
My Commission Expires 09-30-2025
No. 2400923

8068411 v4